**Brian P. Berson, Esq.**
California State Bar No. 130249
Law Offices of Brian P. Berson
235 Montgomery St., Suite 625
San Francisco, CA 94104
brian@bersonlaw.net
Telephone: (415) 788-2707
Facsimile: (415) 392-5275

Counsel for Defendant **JACQULINE HOEGEL**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) NO. CR 12-0111-EMC-2 |
| | ) |
| Plaintiff, | ) **STIPULATION AND [PROPOSED]** |
| | ) **ORDER TO CONTINUE HEARING** |
| vs. | ) **AND EXCLUDE SPEEDY TRIAL** |
| | ) **TIME** |
| JACQULINE HOEGEL. | ) |
| | ) |
| Defendant. | ) |
| | ) |

Counsel for the United States and counsel for Defendant Jacquline Hoegel agree and stipulate to the following: Time up until May 15, 2013, has been excluded previously under the Speedy Trial Act. Defense counsel has been reviewing voluminous, complex discovery provided by the government. The evidence in this case includes more than 90,000 pages provided in electronic format, more than 200 boxes of seized evidence which the government has provided access to in its storage room, and more than 7 hard drives and other electronic data. For logistical and technical reasons, much of this evidence has not yet been copied and much

1

evidence that has been copied has not been rendered in a format that lends itself to defense review absent specialized software. In addition, this case involves numerous financial accounts at numerous different institutions. Furthermore, the SEC conducted an investigation that led to Receivership and litigation related to these charges. That investigation and litigation generated their own voluminous documents.

The Court has referred the parties to a settlement conference, currently scheduled to be held May 15, 2013 at 12:30 in front of Magistrate Judge Beeler. In view of the fact that the settlement conference may last past 2:30 p.m., and further because the parties may need time to consider a potential settlement based on the settlement conference, the parties believe that the status conference should be continued one week, to May 22, 2013.

The parties stipulate that this case has been properly designated – and should continue to be designated – as complex pursuant to 18 U.S.C. § 3161(h)(7)(A) & (B)(ii) & (B)(iv). For the foregoing reasons, counsel below stipulate that the status hearing should be continued to May 22, 2013 for further status conference.

SO STIPULATED:

Date: May 9, 2013 _____//s//_____
BRIAN P. BERSON
ATTORNEY FOR JACQULINE HOEGEL

2

Date: May 9, 2013              _____//s//_____
                               TRACIE BROWN
                               ASSISTANT U.S. ATTORNEY

## [~~PROPOSED~~] ORDER

Based on the foregoing, the Court orders the May 15, 2013 status hearing date to be VACATED and continued to May 22, 2013. The Court finds that failing to exclude the time between May 15, 2013 and May 22, 2013 would unreasonably deny the defendant and government continuity of counsel and would deny both counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that, in light of the nature of the charges and the volume of discovery, the case is properly designated as complex pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii). For all of the above reasons stipulated by counsel the Court finds that the ends of justice served by excluding the time between May 15, 2013 and May 22, 2013 from computation under the Speedy Trial Act outweigh the best interests of the public and Defendant Jacquline Hoegel in a speedy trial. Therefore, IT IS HEREBY ORDERED that the time between May 15, 2013 and May 22, 2013 shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(7)(B)(ii) & (B)(iv).

SO ORDERED:

Date:_____ 5/10/13

_____
M. CHEN
JUDGE

